**ANKENEY et v GREENE COUNTY COMMISSIONERS et**

Ohio Appeals, 2nd Dist, Greene Co

No 362.  Decided April 19, 1932

Harry D. Smith, Xenia, for plaintiffs.

Marcus McCallister, Prosecuting Attorney, Xenia, and J. Carl Marshall, Xenia, for defendants.

## BY THE COURT

We have considered these entries and the testimony as found in the bill of exceptions with considerable care. It will not be necessary to quote in detail from either the entries referred to nor from the bill of exceptions, as counsel are thoroughly familiar with this entire transaction and have been connected with it in one form or another during its various stages.

It may be noted however that the entry of March 23, 1918 which has not been complied with, was the result of an express agreement between the then Board of County Commissioners of Greene County and the parties affected by the improvement which had been enjoined.

This arrangement having been entered into by agreement should have been complied with.

The principal reason urged by counsel for defendants for refusing the relief prayed for in the petition is that plaintiffs have an adequate remedy at law and therefore relief by way of mandatory injunction should not be granted.

The rule governing proceedings of this nature has been determined in many adjudicated cases and without citing authorities, we think the rule is well established that in order to deprive a court of equity of jurisdiction in a given matter, there must be a plain, adequate and complete remedy at law.

We do not think in this case that an adequate and complete remedy at law exists.

Upon consideration of the entire record and the briefs of counsel, we are of opinion that the plaintiffs are entitled to the relief sought.

We cannot escape the conclusion that the conditions in Beaver Creek channel have been produced by reason of the failure of the Board of County Commissioners of Greene County to comply with the former decree of this court and which decree was entered with the consent of their predecessors in office.

Decree accordingly.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.